UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BING CHARLES W. KEARNEY, JR.
and TONYA KEARNEY,

    Plaintiffs,

v.                                                    Case No. 8:21-cv-64-KKM-TGW

VALLEY NATIONAL BANK, a
national banking association, as successor
by merger to USAMERIBANK, a Florida
corporation,

    Defendant.
_____/

## ORDER

Plaintiffs bring two negligence claims regarding Defendant's preselection of an account as a joint tenancy instead of as a tenancy by entireties, which thereby enabled creditors to garnish the funds in the account. (Doc. 1.) Plaintiffs argue that Defendant, a bank, violated a duty of care by failing to follow Plaintiffs' instructions and for failing to train its employees as to the differences between different kinds of account ownership. (*Id.*) Defendant moves to dismiss arguing that it did not owe a duty of care under either claim. (Doc. 7.) The Magistrate Judge issued a report recommending that the Court grant the motion. (Doc. 53.) Specifically, the Magistrate Judge recommends that this Court dismiss the whole complaint as an impermissible shotgun pleading but grant leave to file an

amended complaint only as to Count II, Plaintiffs' claim that Defendant was negligent in pre-selecting the wrong kind of account ownership. Count I, the Magistrate recommends, fails to state a claim upon which relief can be granted because banks owe no duty to deposit-account customers to train employees and advise customers of the different kinds of account ownership. Both Plaintiffs and Defendant objected to the recommendation, but conducting a de novo review, the Court agrees with the Magistrate Judge's report and recommendation and overrules the objections.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Plaintiffs object to the Magistrate Judge's recommendation that Count I be dismissed because they argue Valley National Bank owed a duty of care to train its employees pertaining to the differences of kinds of accounts. (Doc. 57.) For its part,

Defendant objects to the Magistrate Judge's recommendation that Count II survive to be repleaded because Valley contends it owed no legal duty of care in an arms-length transaction like this one. (Doc. 56.) The Court finds both objections unpersuasive.

As to the bank's alleged duty to train employees and advise customers about the different kinds of account ownership, the Court agrees that such a duty would impose a fiduciary duty to act for the benefit of the customers where one does not exist in Florida law. *See Wexler v. Rich*, 80 So. 3d 1097, 1101 (Fla. 4th DCA 2012) ("The bank's obligation is to clearly provide customers with the option of a tenancy by the entireties account, not to assist them in making a considered choice."). But the Court also agrees that once the bank undertook the task of pre-selecting the check box after Plaintiffs indicated their preferred kind of account, it had a duty to do so with reasonable care, i.e., by marking a tenancy by the entirety selection as requested by the Plaintiffs. *See Arbitrajes Financieros, S.A. v. Bank of Am., N.A.*, 605 F. App'x 820, 823 (11th Cir. 2015) ("Under Florida law, a bank does not have a fiduciary relationship with its standard deposit account customers, but instead owes only a duty of ordinary care in arms-length transactions."). The Court agrees that it was reasonably foreseeable that a customer would sign on the mark indicated by the bank employee presuming the employee had marked the line that represented the choice of account conveyed by the customer. Thus, the Plaintiffs have stated a claim for negligence in Count II, but not in Count I.

Accordingly, the following is **ORDERED**:

1. Plaintiffs' Objection (Doc. 57) and Defendant's Objection (Doc. 56) are **OVERRULED**. The Magistrate Judge's Report and Recommendation (Doc. 53) is **ADOPTED in full**.

2. Defendant's Motion to Dismiss (Doc. 7) is **GRANTED in part** and **DENIED in part**.

3. The Complaint is dismissed as it constitutes an impermissible shotgun pleading. *See Weiland v. Palm Beach Cnty Sheriff's Office*, 792 F.3d 1313, 1320–23 (11th Cir. 2015) (identifying one type of shotgun pleading as a complaint that "contains several counts, each one incorporating by reference the allegations of its predecessors"). Plaintiffs may file an amended complaint only containing Count II no later than **September 16, 2021**. Failure to file an amended complaint that complies with this order will result in this action being dismissed.

**ORDERED** in Tampa, Florida, on September 1, 2021.

Kathryn Kimball Mizelle
United States District Judge