UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BING CHARLES W. KEARNEY, JR.
and TONYA KEARNEY, Husband
and Wife as Tenants by the Entirety,

      Plaintiffs,

v.                                       Case No: 8:21-cv-0064-KKM-TGW

VALLEY NATIONAL BANK, a national
Banking association, as successor by merger
To USAMERIBANK, a Florida corporation,

      Defendant.

_____

## ORDER

      Plaintiffs Bing Charles Kearney, Jr. and Tonya Kearney move to strike several of

Defendant Valley National Bank's affirmative defenses and its request for attorney's fees.

(Doc. 83.) Valley National opposes the motion. (Doc. 87.) After considering the parties'

arguments, the Court grants in part and denies in part the Kearneys' motion to strike

because Valley National's affirmative defenses—with one exception—are not clearly invalid

as a matter of law. Additionally, the Court declines to strike Valley National's request for

attorney's fees as a contractual basis exists to support the request.

## I.   BACKGROUND

In their Amended Complaint, the Kearneys (a husband and wife) allege that in 2010 they attempted to open a bank account at USAmeriBank (the predecessor in interest to Valley National) that they wished to hold as tenants by the entireties (TBE). Mr. Kearney went to the South Tampa Branch of Valley National[1] and informed the employees of his intent to open a TBE account. (Doc. 68 at 3.) Valley National's employees gave Mr. Kearney a form signature card to sign. He then took the card home and had Mrs. Kearney and his son sign the card. When he returned the card, Valley National's employees informed him that he could not open a TBE account with both his wife and his son. So the employees prepared another card for Mr. Kearney to sign that listed only he and his wife as owners. (*Id.* at 3.)

Valley National's employees presented Mr. Kearney with this second card—a computer-generated signature card which included a section titled, "Ownership of Account-Consumer Purpose." (*Id.* at 3–4.) That section included multiple options (with check boxes next to them) for the depositors to select the desired ownership type and sign their initials on the line beside the marked box. Two of the choices on the signature card were "Multiple-Party Account" and "Multiple Party Account-Tenancy by the Entireties." (*Id.* at 4.) The Amended Complaint alleges that before the bank employees gave the card

---

[1] For clarity, the Court will substitute Valley National for USAmeriBank and refer to the former in recounting the facts.

to Mr. Kearney, they pre-marked the box corresponding with "Multiple Party Account." (*Id.*) Mr. Kearney and his wife both placed their initials on the line beside that box. Valley National then opened the Account as a standard "Multiple-Party Account" with the Kearneys as owners, rather than as a TBE account. (*Id.* at 4–5.)

In September 2012, Regions Bank obtained a judgment (Regions Judgment) against Bing Kearney and others, jointly and severally, in the amount of $3,407,620.35. (*Id.* at 5.) On May 17, 2013, in aid of execution of the Regions Judgement, Regions Bank served a Writ of Garnishment on Valley National. Valley National filed its answer to Region Bank's writ on May 24, 2013, and disclosed that Mr. Kearney had deposited the total sum of $700,022.29 in multiple accounts. Of that total, $625,305.39 was in the Account. (*Id.* at 5–6.) On June 3, Mr. Kearney filed an exemption claim concerning the Account. In that claim, Mr. Kearney asserted that the funds in the Account were exempt from garnishment because they were held in that account by him and his wife as TBE. (*Id.* at 6.)

Subsequently, a federal magistrate judge held an evidentiary hearing on Mr. Kearney's exemption claim and issued a recommendation that the Account was exempt from garnishment by Regions Bank. (*Id.* at 7–13.) The magistrate judge reasoned that the Account was held by the Kearneys as TBE because the signature card prepared by the Valley National's employees and signed by the Kearneys was ambiguous and there was clear evidence that the Kearneys intended to open a TBE account. (*Id.*) The district court

3

rejected the magistrate judge's recommendation and ruled that the Account was not exempt. (*Id.* at 13.)

Additionally, on October 28, 2011, a federal court entered a separate final judgment in favor of Travelers against Bing Kearney and others, jointly and severally, in the amount of $3,750,000.00. (*Id.* at 13.) Once again, Mr. Kearney attempted to block a garnishment from the Account by arguing that the funds were exempt as a TBE account. The second court ruled that Mr. Kearney was estopped from relitigating the TBE claim following the first federal court's decision in the Regions Bank case. (*Id.* at 14–16.)

As a result of these court decisions, the funds maintained by the Kearneys in the Account were subject to garnishment by Mr. Kearney's creditors. (*Id.* at 16.)

The Kearneys filed this action against Valley National for negligence in failing to use ordinary care when opening the Account. (*Id.* at 20–25.) The Kearneys allege that Valley National was negligent because it knew that the Kearneys wanted to open an account as TBE and pre-selected a different type of account ownership on the signature card. The Kearneys claim that, as a direct result of this negligence, they have suffered damages in the form of the funds that were garnished to Mr. Kearney's creditors from the account totaling $625,305.39. (*Id.* at 24–25.) In its answer, Valley National asserts eight affirmative defenses and requests attorney's fees. (Doc. 74 at 13–16.) The Kearneys now move to strike

several of Valley National's affirmative defenses and its request for attorney's fees. (Doc. 83.) Valley National opposes the motion. (Doc. 87.)

## II.   LEGAL STANDARD

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). In other words, a defense that "points out a defect in the plaintiff's prima facie case is *not* an affirmative defense"—even if the defendant labels it as one. *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) (emphasis added).

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But "it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law." *Blanc v. Safetouch, Inc.*, No. 3:07-cv-1200-J-25TEM, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008) (Morris, Mag. J.) (citing *Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Centers East, LLC,* 211 F. Supp. 2d 1345 (M.D. Fla. 2002) (Kovachevich, J.); *In re Sunbeam Securities Litigation,* 89 F. Supp. 2d 1326 (S.D. Fla. 1999)); *see also Belmer v. Ezpawn Fla., Inc.,* 8:20-cv-1470-

T-33SPF, 2020 WL 7419663, at *1 (M.D. Fla. Sept. 28, 2020) (Covington, J.) (noting that a Court has "broad discretion" to rule on a motion to strike but emphasizing that such motions are "drastic" and are often considered "time wasters" (quotation omitted)).

An affirmative defense is "insufficient as a matter of law" only if (1) it is patently frivolous on its face or (2) it is clearly invalid as a matter of law. *Belmer*, 2020 WL 7419663, at *1. An affirmative defense is sufficient to overcome a motion to strike if it "puts into issue relevant and substantial legal and factual questions." *Id.*; *see also Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (Kovachevich, J.) ("[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.").

## III.   ANALYSIS

The Kearneys move to strike six of Valley National's affirmative defenses and its request for attorney's fees. The Court will take each request in turn.

### A. Second Affirmative Defense

In its second affirmative defense, Valley National asserts that the Kearneys' claims are barred by waiver because the Kearneys had a duty to review the plain language of the contract (i.e., the signature card and associated terms and conditions) and their failure to do so waives any negligence claim. (Doc. 74 at 14.) The Kearneys argue that this affirmative

6

defense should be stricken because Valley National has allegedly admitted in discovery "that the account statements on the [] Account did not contain information that would have indicated to [the Kearneys] that the account was or was not held as-tenancy-by-the-entireties." (Doc. 83 at 4–5.) And the Kearneys further argue that Valley National's waiver defense fails to plead facts to support the Kearney's knowledge and intentional relinquishment of a known right. (*Id.* at 5.)

As noted above, motions to strike are appropriate where an affirmative defense is legally insufficient on its face; a Court will not analyze whether a "defense[] should fail on the merits" in the motion-to-strike context. *Schmidt v. Wells Fargo Bank, N.A.*, 8:20-cv-150-T-33AAS, 2020 WL 1703801, at *3 (M.D. Fla. Apr. 8, 2020) (Covington, J.). The Kearneys first argument is clearly an argument that Valley National's waiver defense fails on the merits, not an argument that the defense is legally insufficient on its face. The Kearneys ask this Court to analyze a specific piece of evidence (Valley National's alleged admission in response to a motion to compel) and to determine whether that evidence defeats Valley National's waiver defense. But in the context of a motion to strike, the inquiry is simply whether a defense is "insufficient as a matter of law." *Blanc*, 2008 WL 4059786, at *1. It is not insufficient on its face.

The Kearneys' failure-to-plead-sufficient-facts argument fails too. While district courts in this circuit are divided on the question of whether Rule 8(a)(2)'s factual pleading

requirements apply to affirmative defenses,[2] this Court has previously concluded that affirmative defenses need not meet Rule 8(a)(2)'s pleading requirements. *See Gulfstream Aerospace Corp. v. Gulfstream Unsinkable Boats, LLC*, 530 F. Supp. 3d 1167, 1172 (M.D. Fla. 2021) (Mizelle, J.). The Court relies on the differences in language between Rule 8(a)(2)—requiring a claim for relief to contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief"—and Rule 8(c)—requiring the responding parties to "affirmatively *state* any avoidance or affirmative defense." (emphasis added); *see Gulfstream Aerospace Corp.*, 530 F. Supp. 3d at 1172 ("These textual differences between Rule 8(a)(2) and Rule 8(c) suggest that the *Iqbal-Twombly* pleading standard, which governs claims for relief, is inapplicable to affirmative defenses."). And even if Rule 8(a)(2)'s requirements did apply to affirmative defenses, Valley National's second affirmative defense provides a sufficient factual basis here because it points to "the plain language of the contract (i.e., signature card and associated terms and conditions)

---

[2] The Eleventh Circuit has not yet resolved the split. *Compare Vigo Importing Co. v. Nat'l Fire Ins. Co. of Hartford*, No. 8:16-cv-1494-T-23JSS, 2016 WL 7104871, at *1 (M.D. Fla. Nov. 15, 2016) (Merryday, J.) ("Rule 8(b)(1)(A), which governs a defense, requires only that a party 'state in short and plain terms its defenses.' Because under the rule's plain language a party need not 'show' any fact to support an affirmative defense, *Twombly*'s sufficient-facts requirement is inapposite."), *with Torres v. TPUSA, Inc.*, No. 2:08-cv-618-FtM-29DNF, 2009 WL 764466, at *1 (M.D. Fla. March 19, 2009) (Steele, J.) ("Affirmative defenses included in an answer are a pleading which must . . . . plead enough facts to state a plausible basis for the claim." (internal citations omitted)). *See generally FAST SRL v. Direct Connection Travel LLC*, 330 F.R.D. 315, 317–18 (S.D. Fla. 2018) (discussing the two schools of thought and providing numerous examples).

8

Plaintiffs signed to open the [A]ccount" as the source of the Kearneys knowledge supporting the waiver defense. (Doc. 74 at 14.)

Thus, the Kearneys' motion to strike Valley National's second affirmative defense is denied.

## B. Third Affirmative Defense

Valley National's third affirmative defense is that the Kearneys fail to state a claim upon which relief can be granted because Valley National did not owe the Kearneys a legal duty on the facts alleged and the Kearney's have not suffered any damages since the garnished funds were used to discharge the claim of a bona fide creditor. (Doc. 74 at 14.) The Kearneys argue that this is not a proper affirmative defense but rather operates as a general defense. (Doc. 83 at 6.) Valley National responds that other courts in this district have held that "failure to state a claim" is a proper affirmative defense where it is coupled with allegations establishing the basis for the defense. (Doc. 87 at 7.)

Although some courts in this district have sometimes concluded that failure to state a claim is a proper affirmative defense where it is accompanied by allegations that establish the basis for the defense, *see, e.g.*, *Merrill v. Dyck-O'Neal, Inc.*, No. 2:15-cv-232-FtM-38MRM, 2015 WL 4496101, at * 2 (M.D. Fla. July 23, 2015) (Chappell, J.); *Robinson v. Nat'l Credit Sys., Inc.*, No. 2:17-cv-386-FtM-99CM, 2018 WL 1877462, at *2 (M.D. Fla. April 19, 2018) (Mirando, J.); *Colon v. Wal–Mart Stores, Inc.*, No. 2:13–cv–464–

FtM–29DNF, 2014 WL 1588463, at *3 (M.D. Fla. Apr. 21, 2014) (Steele, J.), the Eleventh Circuit has clearly held that a purported affirmative defense that merely "points out a defect in the plaintiff's prima facie case is *not* an affirmative defense"—even if the defendant labels it as one. *See In re Rawson Food Serv., Inc.*, 846 F.2d at 1349 (emphasis added).

Here, Valley National's third affirmative defense has been "improperly denominated," and the Court will treat it as a "specific denial" of the Kearneys' claims that (1) Valley National owed them a legal duty and (2) the Kearneys' suffered damages when garnished funds from the Account were used to pay a bona fide creditor. *Patco Transp., Inc. v. Elmo Greer & Sons, LLC*, No. 5:08-CV-13-Oc-10GRJ, 2008 WL 11336278, at *2 (M.D. Fla. July 17, 2008) (Jones, Mag. J.) ("[T]he federal courts 'have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it were correctly labeled.'" (quoting *Currie v. Dollar General Corp.*, No. 1:05-CV-099-SPM, 2005 WL 1684161, at *1 (N.D. Fla. July 12, 2005))); *see also* 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1269 (3d ed. 2004) ("In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not operate to prejudice the pleader.").

Thus, the Kearneys' motion to strike Valley National's third affirmative defense is denied, but the Court treats it as a specific denial instead of an affirmative defense.

## C. Fifth Affirmative Defense

Valley National's fifth affirmative defense states that the Kearneys' claims are barred, in whole or in part, by Valley National's right to set off any amounts allegedly owed to the Kearneys against any amounts the Kearneys owe Valley National. (Doc. 74 at 15.) The Kearneys argue that this affirmative defense should be stricken because "set off" is not recognized as a valid affirmative defense in Florida and Valley National did not include the specific amounts it seeks to set off. (Doc. 83 at 6–7.)

But the Kearneys point to no specific authority establishing that "set off" is not a legally valid affirmative defense in Florida. And multiple federal courts in this district have recognized it as a valid affirmative defense. *See, e.g.*, *Greenshields v. Fed. Ins. Co.*, 6:20-cv-1297-Orl-RBD-DCI, 2020 WL 9172954, at *4 (M.D. Fla. Oct. 2, 2020) (Irick, Mag. J.); *Crabtree v. Cent. Fla. Invs., Inc.*, 6:12-CV-656-Orl-36TBS, 2012 WL 6523078, at *3 (M.D. Fla. Dec. 14, 2012) (Honeywell, J.). In the absence of specific authority to the contrary, the Court declines to strike Valley National's "set off" defense as legally invalid. Further, the current form of this affirmative defense puts the Kearney's on notice that Valley National believes the Kearneys owe certain amounts that should reduce any liability Valley National may have to the Kearneys. This merits question is best resolved later, as

there is nothing frivolous about it and the Kearneys fail to establish that it is clearly invalid as a matter of law.

Accordingly, the Court denies the Kearneys' motion to strike Valley National's fifth affirmative defense.

### D. Sixth Affirmative Defense

Valley National's sixth affirmative defense asserts that the Kearneys claims are barred, in whole or in part, because they failed to mitigate their damages. (Doc. 74 at 15–16.) Specifically, Valley National alleges that the Kearneys (1) "incurred legitimate debts they could not or would not pay"; (2) "launched a no-holds barred, scorched earth litigation strategy to avoid paying bona fide creditors"; and (3) "engaged in multiple acts of bad faith or other inequitable conduct to avoid payment of bona fide creditors." (*Id.* at 15.) The Kearneys argue that there is no general duty to mitigate under Florida law. (Doc. 83 at 7–8.)

True, there is no *general* duty to mitigate under Florida law, but "[t]he doctrine of avoidable consequences, which is also somewhat inaccurately identified as the 'duty to mitigate' damages, commonly applies in contract and *tort* actions." *See Sys. Components Corp. v. Fla. Dep't of Transp.*, 14 So. 3d 967, 982 (Fla. 2009) (emphasis added). This defense is not clearly invalid as a matter of law or frivolous and it does not prejudice the Kearneys in any way.

12

Thus, the Court denies the Kearneys' motion to strike Valley National's sixth affirmative defense.

### E. Seventh Affirmative Defense

Valley National concedes that its seventh affirmative defense—unclean hands—only applies to equitable claims, not legal claims, and requests leave to re-plead and elaborate on the facts alleged under an alternative legal theory. (Doc. 87 at 11.) The Court therefore grants the Kearneys' motion to strike Valley National's seventh affirmative defense and strikes the defense. If Valley National seeks to amend its answer to add a new affirmative defense, it must file a separate motion requesting that relief. *See* Fed. R. Civ. P. 7(b).

### F. Eighth Affirmative Defense

Valley National's eighth affirmative defense alleges that the Kearneys' claims are barred by the statute of limitations. (Doc. 74 at 16.) The Kearneys argue that this defense should be stricken because Valley National pled no facts to support it. (Doc. 83 at 9.) But in the statute-of-limitations context "simply stating that Plaintiff's claims are barred by the statute of limitations [without more] is sufficient to put Plaintiff on notice of a statute of limitations defense." *Bluegreen Vacations Unlimited, Inc. v. Timeshare Termination Team, LLC*, No. 20-cv-25318-BLOOM/Otazo-Reyes, 2021 WL 2476488, at *3 (S.D. Fla. June 17, 2021). And as discussed above, Rule 8(c) does not require that affirmative defenses meet the Rule 8(a)(2) pleading standard. *See Gulfstream Aerospace Corp.*, 530

F. Supp. 3d at 1172. Thus, the Kearneys' motion to strike Valley National's eighth affirmative defense is denied.

### G. Request for Attorney's Fees

Valley National's amended answer also includes a request for attorney's fees and costs "incurred in connection with this dispute as provided in the contract (i.e., signature card and associated terms and conditions) Plaintiffs signed to open the [A]ccount." (Doc. 74 at 16.) The Kearneys argue this fee request should be stricken because the Kearneys have asserted only a negligence claim against Valley National and such claim cannot give rise to an award of attorneys' fees and costs. (Doc. 83 at 10–11.)

Under Florida law, a court may grant a motion to strike attorney's fees where the opposing party fails to plead a contractual or statutory basis for the fees or where none exists. *See Resmondo v. New Hampshire Ins. Co.*, No. 8:13-cv-2907-T-30EAJ, 2013 WL 6894857, at *1 (M.D. Fla. Dec. 31, 2013) (Moody, J.) (citing *Italiano v. Jones Chemicals, Inc.*, 908 F. Supp. 904, 907 (M.D. Fla. 1995) (Kovachevich, J.) and *City of Winter Garden v. State ex rel. Wood*, 311 So. 2d 396 (Fla. 4th DCA 1975)). Here, Valley National grounds its request for attorney's fees in the language of "the contract (i.e., signature card and associated terms and conditions) [the Kearneys] signed to open the [A]ccount." (Doc. 74 at 16.) As such, there is a contractual basis for Valley National's fee request.

14

The Kearneys acknowledge that Florida law is clear that a prevailing party is entitled to attorney's fees where the payment of fees is required under a contract but argue that the final judgment "must be based on the contract or agreement itself and not on a related but independent ground." (Doc. 83 at 10.) The latter assertion is scantly supported in the Kearneys' briefing. But even assuming the legal principle is accurate, the Kearneys have failed to show that any judgment in Valley National's favor in this case could not be "based on the contract or agreement" between the Kearneys and Valley National, (Doc. 83 at 10), such that the "drastic" nature of striking the request is warranted. *See Belmer*, 2020 WL 7419663, at *1.

Thus, the Court denies the motion to strike Valley National's fee request and further declines to decide the appropriateness of reciprocal attorney's fees at this time. The parties may brief and argue this issue, if appropriate, at a later time.

## IV.   CONCLUSION

Accordingly, the following is **ORDERED**:

1.   Plaintiff's Motion to Strike (Doc. 83) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

2.   The Court strikes Defendant's Seventh Affirmative Defense from its Amended Answer and elects to treat Defendant's third affirmative defense as a specific denial. If Valley National seeks to amend its answer to add a new

affirmative defense, it must file a separate motion requesting that relief. *See*

Fed. R. Civ. P. 7(b).

**ORDERED** in Tampa, Florida, on January 3, 2021.

Kathryn Kimball Mizelle
United States District Judge

16