## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BING CHARLES W. KEARNEY, JR.
and TONYA KEARNEY, Husband and
Wife as Tenants by the Entirety,

        Plaintiffs,

                              Case No: 8:21-cv-00064-KKM-TGW

v.

VALLEY NATIONAL BANK, a national
Banking association, as successor by
merger to USAMERIBANK, a Florida
Corporation,

        Defendant.

_____/

## DEFENDANT, VALLEY NATIONAL BANK'S RENEWED MOTION TO COMPEL AND INCORPORATED MEMORANDUM OF LAW[1]

Defendant, Valley National Bank ("Valley"), by its undersigned counsel, pursuant to Federal Rule of Civil Procedure 37 and this Court's Discovery Motion Requirements (Dkt. 9), respectfully moves this Court to overrule the objection to Valley's Third Request for Production lodged by Plaintiffs Bing W. Charles Kearney, Jr. and Tonya Kearney ("Plaintiffs") and compel production of the documents requested therein, and in support thereof, states:

---

[1] Valley previously filed a Motion to Compel and Incorporated Memorandum of Law [Dkt. 90] that was denied by this Court without prejudice [Dkt. 92].

1.      Plaintiffs' Amended Complaint (Dkt. 68) against Valley (as successor by merger to USAmeriBank) asserts a single negligence claim based on allegations that a USAmeriBank employee was negligent in opening an account for Plaintiffs titled as a joint tenancy with right of survivorship rather than as a tenancy by the entireties, which account was subsequently garnished many years later in partial satisfaction of a third-party creditor's multimillion dollar judgment against Plaintiff Bing Kearney.

2.      In its Answer and Affirmative Defenses (Dkt. 69), Valley denied any wrongdoing and asserted a number of affirmative defenses, including one based on Valley's right to set off any amounts allegedly owed to Plaintiffs.

3.      After a hearing was held before Magistrate Judge Wilson on November 17, 2021 regarding Valley's Second Request for Production, Valley served its Third Request for Production on November 23, 2021 reflecting the Court's suggestions and containing ten (10) documents requests as follows:

> A.      Copies of any settlement agreement pertaining to the Travelers Litigation naming Tonya Kearney as a party, third-party beneficiary, a released party, or as a person receiving any consideration or benefit pursuant to the settlement agreement.
>
> B.      Copies of any settlement agreement pertaining to the Travelers Litigation which Tonya Kearney executed.
>
> C.      Copies of any settlement agreement pertaining to the Travelers Litigation on which Tonya Kearney's name appears.

D.     Copies of any release or waiver pertaining to the Travelers Litigation in which Tonya Kearney is released of any debts, claims, or obligations.

E.     Copies of any release or waiver pertaining to the Travelers Litigation on which Tonya Kearney's name appears.

F.     Copies of any settlement agreement pertaining to the Travelers Litigation naming or identifying Bing Charles W. Kearney, Jr. as a party, third-party beneficiary, a released party, or as a person receiving any consideration or benefit pursuant to the settlement agreement.

G.     Copies of any settlement agreement pertaining to the Travelers Litigation which Bing Charles W. Kearney, Jr. executed.

H.     Copies of any settlement agreement pertaining to the Travelers Litigation on which Bing Charles W. Kearney, Jr.'s name appears.

I.     Copies of any release or waiver pertaining to the Travelers Litigation in which Bing Charles W. Kearney, Jr. is released of any debts, claims, or obligations.

J.     Copies of any release or waiver pertaining to the Travelers Litigation on which Bing Charles W. Kearney, Jr.'s name appears.

A true and correct copy of Valley's Third Request for Production is attached as

**Exhibit A**.

4.     On December 21, 2021, Plaintiffs served their Response and Objection

to Valley's Third Request for Production ('Plaintiffs' Objection'). A true and

correct copy of Plaintiffs' Objection is attached as **Exhibit B**.

5.     Plaintiffs' Objection contends, variously and in essence, that the

requested documents are: i) confidential or otherwise protected from disclosure; ii)

available from the public domain; iii) already in Valley's possession; or iv) irrelevant.

6.      For its part and in an effort to address Plaintiffs' concerns, and given that the Discovery Cut-Off deadline is February 28, 2022, Valley sent a good faith letter to Plaintiffs on January 4, 2022 communicating that Valley's Third Request for Production was specifically tailored to comport with Magistrate Judge Wilson's suggestions at the November 17, 2021 hearing.  The parties have been unable to reach a resolution on these issues.

7.      As a result and for the reasons set forth herein, Valley requests the Court enter an Order granting this Motion, overruling Plaintiffs' Objection and compelling production of the documents requested by Valley.

## MEMORANDUM OF LAW

A party seeking discovery may move for an order compelling a response or production if the opposing party fails to respond to a request for production or fails to produce documents in response to a request for production.  Fed. R. Civ. P. 37(a)(3)(B).  Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any non-privileged matter that is relevant to any parties' claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Further, pursuant to Section III.A.6 of the Middle District's Handbook on Civil Discovery Practice, "[a]ttorneys should not make objections solely to avoid producing documents that are relevant to any party's claim or defense and proportional to the needs of the case."

Here, Valley's Third Request for Production seeks production of ten (10) narrow categories of documents pertaining to the settlement agreements, releases, and waivers in connection with the Travelers Litigation involving Bing Charles W. Kearney, Jr. and Tonya Kearney, as follows:

> A.    Copies of any settlement agreement pertaining to the Travelers Litigation naming Tonya Kearney as a party, third-party beneficiary, a released party, or as a person receiving any consideration or benefit pursuant to the settlement agreement.
>
> B.    Copies of any settlement agreement pertaining to the Travelers Litigation which Tonya Kearney executed.
>
> C.    Copies of any settlement agreement pertaining to the Travelers Litigation on which Tonya Kearney's name appears.
>
> D.    Copies of any release or waiver pertaining to the Travelers Litigation in which Tonya Kearney is released of any debts, claims, or obligations.
>
> E.    Copies of any release or waiver pertaining to the Travelers Litigation on which Tonya Kearney's name appears.
>
> F.    Copies of any settlement agreement pertaining to the Travelers Litigation naming or identifying Bing Charles W. Kearney, Jr. as a party, third-party beneficiary, a released party, or as a person receiving any consideration or benefit pursuant to the settlement agreement.

G.     Copies of any settlement agreement pertaining to the Travelers Litigation which Bing Charles W. Kearney, Jr. executed.

H.     Copies of any settlement agreement pertaining to the Travelers Litigation on which Bing Charles W. Kearney, Jr.'s name appears.

I.      Copies of any release or waiver pertaining to the Travelers Litigation in which Bing Charles W. Kearney, Jr. is released of any debts, claims, or obligations.

J.      Copies of any release or waiver pertaining to the Travelers Litigation on which Bing Charles W. Kearney, Jr.'s name appears.

In response, Plaintiffs assert both general objections and a more specific objection to Valley's requests which provides:

> The Court has previously determined that the settlement agreement and related settlement documents as they pertain to the Travelers Litigation are not discoverable by Valley Bank. Further, the documents requested are not relevant to Valley Bank's defenses in the case, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the settlement agreement and release documents Valley Bank seeks were entered into by multiple persons and entities other than just Mr. Kearney and Mrs. Kearney. The settlement agreement contains a confidentiality clause which Valley Bank has not demonstrated has been waived by any of the persons or entities who are parties to the settlement agreement. Production of those confidential settlement documents cannot be made without express authorization of the persons or entities that are parties thereto, or in the absence of a court order directing production of the documents.

Plaintiffs' Objection should be overruled and Plaintiffs should be required to produce the requested documents because they relate squarely to the matters at issue. Plaintiffs' assertions that Valley's Third Request for Production seeks information that is confidential or otherwise protected from disclosure; available from the public

domain; already in Valley's possession; or irrelevant are general, boiler-plate objections lacking any basis or reasoning as to how they apply to Valley's specific requests. These documents are relevant to one or more of Valley's defenses. In particular, the requested settlement agreements, releases, or waivers pertaining to the Travelers Litigation may directly impact Plaintiffs' alleged damages insofar as these documents presumably reflect the benefit Plaintiffs received from the funds in the 056 Account, among other potentially relevant matters. A review of the application of the garnished funds in the settlement(s) with the creditor(s) who received the funds and the benefit Plaintiffs received as a consequence of the application of the funds is essential in determining how or whether Plaintiffs were, in fact, damaged at all. Additionally, Valley's Third Request for Production was specifically tailored to comport with Magistrate Judge Wilson's comments at the hearing held on November 17, 2021. Specifically, rather than seeking "any settlement agreement and the documents related to any settlement between Bing Kearney, Travelers and any other person or entity," Valley seeks <u>only</u> the settlement agreements, releases, and waivers pertaining to Tonya Kearney and Bing Charles W. Kearney, Jr.

As for Plaintiffs non-specific concerns about "confidentiality," this Court has explained that "[i]n order to resist discovery of . . . confidential information [such as trade secrets], a party must first establish that the information sought is indeed

confidential and then demonstrate that its disclosure might be harmful." *Shire Dev. LLC v. Mylan Pharms. Inc.*, No. 8:12-CV-1190-T-30AEP, 2013 WL 6858319, at *4 (M.D. Fla. Dec. 30, 2013). Moreover, where concerns regarding confidentiality apply to any requested settlement agreement(s) that may contain a confidentiality provision, "a number of courts have held that such confidentiality provisions will not be utilized as a shield to obstruct the discovery process." *Gutter v. E.I. DuPont de Nemours & Co.*, 2001 WL 36086590 at *1 (S.D. Fla. Jan. 31, 2001); *see also U.S. ex rel. RMP Capital Corp. v. Turner Const. Co.*, 2012 WL 6552063 at *3 (M.D. Fla. Dec. 14, 2012) (permitting discovery of a confidential settlement agreement where the Court concluded it may be admissible at trial and therefore contains "potentially relevant evidence"); *Silver Streak Trailer Co., LLC v. Thor Industries, Inc.*, 2018 WL 8367073 at *6 (S.D. Fla. Nov. 15, 2018) ("The undersigned recognizes the interests third parties have in the confidentiality of settlement agreements, but litigants cannot shield settlement agreements from discovery solely based on confidentiality if the agreement is relevant to the action, or likely to lead to relevant evidence.'). Here, Plaintiffs' assertion that the documents are "confidential" is nothing more than an attempt to hide the truth.  Production pursuant to Court process is appropriate and lawful, even when the documents contain a confidentiality provision. Plaintiffs can redact any sensitive information that may be contained in the produced documents, as the information is not the object of Valley's request.

Additionally, to appease Plaintiffs' concerns, Valley will readily enter into a confidentiality agreement with respect to the documents sought.

**WHEREFORE**, Valley respectfully requests this Court enter an Order: a) granting Valley's Renewed Motion to Compel; b) overruling Plaintiffs' Response and Objection to Valley's Third Request for Production; c) requiring Plaintiffs to produce all documents requested in Valley's Third Request for Production, without prejudice to Valley potentially seeking additional production from Plaintiffs if it deems necessary upon review of the requested documents; d) awarding Valley its attorneys' fees and costs incurred as provided pursuant to Fed. R. Civ. P. 37(a)(5); and e) awarding such other and further relief as this Court deems just and proper.

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Pursuant to Middle District of Florida Local Rule 3.01(g), the undersigned certifies that he has conferred with Plaintiffs' counsel, Edward William Collins, by email, and Plaintiffs' counsel advised that Plaintiffs oppose the relief requested.

Dated: January 26, 2022

**SHUMAKER, LOOP & KENDRICK, LLP**

By: */s/ Jaime Austrich*
**JAIME AUSTRICH**
Florida Bar No.: 84565
jaustrich@shumaker.com
**HUGO S. DEBEAUBIEN**
Florida Bar No.: 58100
bdebeaubien@shumaker.com
101 East Kennedy Boulevard, Suite 2800

Tampa, Florida  33602
Telephone:  (813) 229-7600Facsimile:
(813) 229-1660
*Attorneys for Valley National Bank*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 26, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record.

_____

By: */s/ Jaime Austrich*
    **ATTORNEY**

Page **10** of **10**

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BING CHARLES W. KEARNEY, JR.
and TONYA KEARNEY, Husband and
Wife as Tenants by the Entirety

      Plaintiff,                        Case No. 8:21-cv-00064-KKM-TGW

v.

VALLEY NATIONAL BANK, a national
banking association, as successor by
merger to USAMERIBANK, a Florida
corporation,

      Defendant.

_____/

## DEFENDANT, VALLEY NATIONAL BANK'S, THIRD REQUEST FOR PRODUCTION TO PLAINTIFFS, BING CHARLES W. KEARNEY, JR. AND TONYA KEARNEY

Defendant, Valley National Bank ("Defendant"), pursuant to Rule 34, Federal

Rules of Civil Procedure, serves its Third Request for Production to Plaintiffs, Bing

Charles W. Kearney, Jr. and Tonya Kearney (collectively "Plaintiffs"), and requests

Plaintiffs produce for inspection and copying the original documents and any copies

of items described within thirty (30) days at the offices of Shumaker, Loop &

Kendrick, LLP, Suite 2800, 101 East Kennedy Boulevard, Tampa, Florida 33602,

and serve a written response to this First Request for Production within thirty (30)

days.

## <u>DEFINITIONS</u>

1.      "Travelers Litigation" means Case No. 8:09-cv-1850-T-30-TBM, from the United States District Court for the Middle District of Florida, Tampa Division.

2.      "Communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including but not limited to, correspondence, conversations, dialogues, discussions, interviews, conferences, meetings, consultations, agreements, understandings, and exchanges of information between or among two or more people.

3.      "Documents" means any written or graphic matter or other means of preserving thought or expression, all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence,  electronic mail, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, or other communications, diaries, chronological data, minutes, books, reports, charges, ledgers, invoices, worksheets, receipts, returns, computer print-outs, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), photographs, charts, graphs, microfiche, microfilm, videotape, recordings or representations of any kind, postings, copies of postings or other communications on or associated with social media, Electronically Stored Information, as well as any other tangible things.

4.      The term "knowledge" includes actual, imputed, constructive, and inquiry knowledge, awareness, perception, and/or notice.

5.      "Electronically Stored Information" or "ESI" mean writings, drawings, graphs, charts, photographs, sound recordings, images, emails, text messages, communications of any kind, and other data or data compilations stored in any electronic medium from which information can be obtained and which is translated, if necessary, by the Defendant to whom these Requests for Production are directed, into reasonably usable form.

6.      The term "including" does not limit the scope of the interrogatory.

7.      The terms "any" and "all" also mean "each" and "every."

8.      The term "person" means any individual or entity, including associations, companies, partnerships, firms, joint ventures, corporations, public agencies, departments, bureaus, boards or any other private, government or legal entity.

9.      "Pertaining to" or "pertains to," means in any way directly or indirectly concerning, relating or referring to, discussing, disclosing, constituting, describing, confirming, supporting, evidencing, or representing any information which bears upon that matter.

10.     A masculine, feminine, or neuter pronoun includes either gender.

11.     The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

## INSTRUCTIONS

1.      Your response to this request for production shall include all documents within your possession, custody or control, including, but not limited to, documents in the possession, custody or control of any of your employees, accountants, consultants, attorneys, banking institutions, affiliated entities, management companies or other agents or representatives.

2.      The documents produced for inspection pursuant to this request shall be produced either as they are kept in the usual course of business by you or you shall organize and label the documents to correspond with the individually numbered categories of this request.

3.      As used herein, whenever documents relating to "communications" are requested, the request shall be considered to include within its meaning all documents relating to communication between, among or including any of the identified persons, whether sent or received.

4.      In the event that more than one copy of a document exists, the original shall be produced, as well as every copy on which appears any notation or marking of any sort not appearing on the original.

5.      If any document or portion thereof is or will be withheld because of a claim of privilege or for any other reason, provide a list of such document(s) or portion(s) thereof showing, as to each item not produced, information adequate to identify the document and the basis of your claim of privilege adequate to describe

the document with sufficient particularity to support a motion to compel or for in camera inspection. Generally, such identification should include:

    a. All reasons why such document is not being produced;

    b. The author(s), recipient(s), and addressee(s);

    c. Each person to whom the original or a copy thereof was sent or delivered, and any others who at any time possessed the document or a copy thereof;

    d. The date or approximate date of the document;

    e. The general subject matter of the document or portion thereof for which privilege is claimed; and

    f. The type of document (e.g., memorandum, report, draft, letter, etc.).

6. These requests are continuing in nature and effect, and, to the extent provided in the applicable rules, require supplementary production concerning any documents falling within the scope of these requests that may come into the knowledge, custody, control or possession of subsequent to its response hereto.

## DOCUMENTS TO PRODUCE

1. Copies of any settlement agreement pertaining to the Travelers Litigation naming Tonya Kearney as a party, third-party beneficiary, a released party, or as a person receiving any consideration or benefit pursuant to the settlement agreement.

2. Copies of any settlement agreement pertaining to the Travelers Litigation which Tonya Kearney executed.

3. Copies of any settlement agreement pertaining to the Travelers Litigation on which Tonya Kearney's name appears.

4. Copies of any release or waiver pertaining to the Travelers Litigation in which Tonya Kearney is released of any debts, claims, or obligations.

5. Copies of any release or waiver pertaining to the Travelers Litigation on which Tonya Kearney's name appears.

6. Copies of any settlement agreement pertaining to the Travelers Litigation naming or identifying Bing Charles W. Kearney, Jr. as a party, third-party

beneficiary, a released party, or as a person receiving any consideration or benefit pursuant to the settlement agreement.

7.    Copies of any settlement agreement pertaining to the Travelers Litigation which Bing Charles W. Kearney, Jr. executed.

8.    Copies of any settlement agreement pertaining to the Travelers Litigation on which Bing Charles W. Kearney, Jr.'s name appears.

9.    Copies of any release or waiver pertaining to the Travelers Litigation in which Bing Charles W. Kearney, Jr. is released of any debts, claims, or obligations

10.    Copies of any release or waiver pertaining to the Travelers Litigation on which Bing Charles W. Kearney, Jr.'s name appears.

Dated:  November 23, 2021              **SHUMAKER, LOOP & KENDRICK, LLP**

By: */s/ Jaime Austrich*
  **JAIME AUSTRICH**
  Florida Bar No.: 84565
  jaustrich@shumaker.com
  **HUGO S. DEBEAUBIEN**
  Florida Bar No.: 58100
  bdebeaubien@shumaker.com
  101 East Kennedy Boulevard, Suite 2800
  Tampa, Florida  33602
  Telephone:  (813) 229-7600
  Facsimile:  (813) 229-1660
  *Attorneys for Valley National Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 23, 2021, I served the foregoing by electronic transmission to:  Edward William Collins, Esq., 503 E. Jackson Street, #332, Tampa, FL 33602 (bill@williamcollinslaw.com).

*/s/ Jaime Austrich*
**ATTORNEY**

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BING CHARLES W. KEARNEY, JR.
and TONYA KEARNEY, Husband and
Wife as Tenants by the Entirety,

               Plaintiffs,

v.                                    Case No. 8:21-cv-00064-KKM-TGW

VALLEY NATIONAL BANK, a national
banking association, as successor by
merger to USAMERIBANK, a Florida
corporation,

               Defendant.

_____/

**PLAINTIFFS' RESPONSE AND OBJECTION TO DEFENDANT,**
**VALLEY NATIONAL BANK'S THIRD REQUEST FOR PRODUCTION**
**TO PLAINTIFFS, BING KEARNEY, JR. AND TONYA KEARNEY**

      Plaintiffs, BING CHARLES W. KEARNEY, JR. and TONYA KEARNEY

(collectively "**Plaintiffs**" or "**Mr. and Mrs. Kearney**"), by and through their

undersigned counsel, pursuant to Federal Rule of Civil Procedure 34, serve their

Response and Objection to Defendant, Valley National Bank's Third Request for

Production to Plaintiffs as follows:

**GENERAL OBJECTIONS AND LIMITATIONS**

      1.    Plaintiffs object to the Third Request for Production of Documents to

the extent that it seeks information protected from disclosure under the attorney-

client privilege, the attorney work product doctrine, the mediation/settlement privilege or any other legally recognized privilege, immunity, or exemption from discovery. To the extent that any information is inadvertently disclosed in response to the Interrogatories, such disclosure shall not constitute a waiver of the Plaintiffs' rights to assert the applicability of any privilege or immunity to that information.

2.     The Plaintiffs objection to the request for the production of documents to the Plaintiffs to the extent that any requested documents are available to the Defendant, Valley National Bank ("**Valley Bank**") in the public domain.

3.     The Plaintiffs objection to the request for the production of documents to the Plaintiffs to the extent that any requested documents are already in the possession of Valley Bank, or Valley Bank's predecessor in interest, USAmeriBank.

4.     No objection made herein, or lack thereof, shall be deemed an admission by the Plaintiffs as to the existence or non-existence of any document.

5.     By responding to a particular request for documents, the Plaintiffs do not necessarily accept, admit or concede the characterizations or implications contained therein.

6.     The Plaintiffs object to the "Definitions" section of the requests to the extent they impose duties and requirements beyond those imposed by the Federal Rules of Civil Procedure.

7.      The Plaintiffs reserve all objections to the admissibility of any facts or other information, and the Plaintiffs' production of any facts or other information in response to any of the Valley Bank's discovery requests are made without waiver of those objections at any time, including trial.

8.      Any information disclosed in response to the request for documents shall be subject to, and without in any way waiving or intending to waive, but to the contrary, reserving and intended to preserve: (a) all questions of competency, relevance, materiality, privilege, admissibility as evidence for any purpose of any of the objections of information provided in any aspect of this or any other litigation, action, proceeding, or investigation; (b) the right to object on any ground to any request for documents or any other discovery procedures involving or relating to the subject matter of the information to be produced pursuant to the Request for Production of Documents; (c) the right to object on any ground at any time to a demand for further responses; and (d) the right at any time to revise, supplement, correct, or add to those responses and objections.

9.      The foregoing General Objections and Limitations are incorporated by this reference into each of the responses to the following numbered Requests for Documents whether or not specific objections are made below to a request.

## RESPONSE AND OBJECTION TO THIRD REQUEST
## FOR PRODUCTION OF DOCUMENTS

1.    **DOCUMENT REQUEST**: Copies of any settlement agreement pertaining to the Travelers Litigation naming or identifying Tonya Kearney as a party, third-party beneficiary, a released party, or as a person receiving any consideration or benefit pursuant to the settlement agreement.

**RESPONSE**: Objection to request number 1. The Court has previously determined that the settlement agreement and related settlement documents as they pertain to the Travelers Litigation are not discoverable by Valley Bank. Further, the documents requested are not relevant to Valley Bank's defenses in the case, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the settlement agreement and release documents Valley Bank seeks were entered into by multiple persons and entities other than just Mr. Kearney and Mrs. Kearney. The settlement agreement contains a confidentiality clause which Valley Bank has not demonstrated has been waived by any of the persons or entities who are parties to the settlement agreement. Production of those confidential settlement documents cannot be made without express authorization of the persons or entities that are parties thereto, or in the absence of a court order directing production of the documents.

2.    **DOCUMENT REQUEST**: Copies of any settlement agreement pertaining to the Travelers Litigation which Tonya Kearney executed.

4

**RESPONSE**: Objection to request number 2. The Court has previously determined that the settlement agreement and related settlement documents as they pertain to the Travelers Litigation are not discoverable by Valley Bank. Further, the documents requested are not relevant to Valley Bank's defenses in the case, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the settlement agreement and release documents Valley Bank seeks were entered into by multiple persons and entities other than just Mr. Kearney and Mrs. Kearney. The settlement agreement contains a confidentiality clause which Valley Bank has not demonstrated has been waived by any of the persons or entities who are parties to the settlement agreement. Production of those confidential settlement documents cannot be made without express authorization of the persons or entities that are parties thereto, or in the absence of a court order directing production of the documents.

3.    **DOCUMENT REQUEST**: Copies of any settlement agreement pertaining to the Travelers Litigation on which Tonya Kearney's name appears.

**RESPONSE**: Objection to request number 3. The Court has previously determined that the settlement agreement and related settlement documents as they pertain to the Travelers Litigation are not discoverable by Valley Bank. Further, the documents requested are not relevant to Valley Bank's defenses in the case, and are not reasonably calculated to lead to the discovery of

admissible evidence. Moreover, the settlement agreement and release documents Valley Bank seeks were entered into by multiple persons and entities other than just Mr. Kearney and Mrs. Kearney. The settlement agreement contains a confidentiality clause which Valley Bank has not demonstrated has been waived by any of the persons or entities who are parties to the settlement agreement. Production of those confidential settlement documents cannot be made without express authorization of the persons or entities that are parties thereto, or in the absence of a court order directing production of the documents.

        4.    **DOCUMENT REQUEST**: Copies of any release or waiver pertaining to the Travelers Litigation in which Tonya Kearney is released of any debts, claims, or obligations.

        **RESPONSE**: Objection to request number 4. The Court has previously determined that the settlement agreement and related settlement documents as they pertain to the Travelers Litigation are not discoverable by Valley Bank. Further, the documents requested are not relevant to Valley Bank's defenses in the case, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the settlement agreement and release documents Valley Bank seeks were entered into by multiple persons and entities other than just Mr. Kearney and Mrs. Kearney. The settlement agreement contains a confidentiality clause which Valley Bank has not demonstrated has been waived by

any of the persons or entities who are parties to the settlement agreement. Production of those confidential settlement documents cannot be made without express authorization of the persons or entities that are parties thereto, or in the absence of a court order directing production of the documents.

5.    **DOCUMENT REQUEST**: Copies of any settlement agreement pertaining to the Travelers Litigation naming or identifying Bing Charles W. Kearney, Jr. as a party, third-party beneficiary, a released party, or as a person receiving any consideration or benefit pursuant to the settlement agreement.

   **RESPONSE**: Objection to request number 5. The Court has previously determined that the settlement agreement and related settlement documents as they pertain to the Travelers Litigation are not discoverable by Valley Bank. Further, the documents requested are not relevant to Valley Bank's defenses in the case, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the settlement agreement and release documents Valley Bank seeks were entered into by multiple persons and entities other than just Mr. Kearney and Mrs. Kearney. The settlement agreement contains a confidentiality clause which Valley Bank has not demonstrated has been waived by any of the persons or entities who are parties to the settlement agreement. Production of those confidential settlement documents cannot be made without

express authorization of the persons or entities that are parties thereto, or in the absence of a court order directing production of the documents.

6. **DOCUMENT REQUEST**: Copies of any settlement agreement pertaining to the Travelers Litigation naming or identifying Bing Charles W. Kearney, Jr. as a party, third-party beneficiary, a released party, or as a person receiving any consideration or benefit pursuant to the settlement agreement.

**RESPONSE**: Objection to request number 6. The Court has previously determined that the settlement agreement and related settlement documents as they pertain to the Travelers Litigation are not discoverable by Valley Bank. Further, the documents requested are not relevant to Valley Bank's defenses in the case, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the settlement agreement and release documents Valley Bank seeks were entered into by multiple persons and entities other than just Mr. Kearney and Mrs. Kearney. The settlement agreement contains a confidentiality clause which Valley Bank has not demonstrated has been waived by any of the persons or entities who are parties to the settlement agreement. Production of those confidential settlement documents cannot be made without express authorization of the persons or entities that are parties thereto, or in the absence of a court order directing production of the documents.

7.   **DOCUMENT REQUEST**: Copies of any settlement agreement pertaining to the Travelers Litigation which Bing Charles W. Kearney, Jr. executed.

**RESPONSE**: Objection to request number 7. The Court has previously determined that the settlement agreement and related settlement documents as they pertain to the Travelers Litigation are not discoverable by Valley Bank. Further, the documents requested are not relevant to Valley Bank's defenses in the case, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the settlement agreement and release documents Valley Bank seeks were entered into by multiple persons and entities other than just Mr. Kearney and Mrs. Kearney. The settlement agreement contains a confidentiality clause which Valley Bank has not demonstrated has been waived by any of the persons or entities who are parties to the settlement agreement. Production of those confidential settlement documents cannot be made without express authorization of the persons or entities that are parties thereto, or in the absence of a court order directing production of the documents.

8.   **DOCUMENT REQUEST**: Copies of any settlement agreement pertaining to the Travelers Litigation on which Bing Charles W. Kearney, Jr.'s name appears.

**RESPONSE**: Objection to request number 8. The Court has previously determined that the settlement agreement and related settlement documents as they pertain to the Travelers Litigation are not discoverable by Valley Bank. Further, the documents requested are not relevant to Valley Bank's defenses in the case, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the settlement agreement and release documents Valley Bank seeks were entered into by multiple persons and entities other than just Mr. Kearney and Mrs. Kearney. The settlement agreement contains a confidentiality clause which Valley Bank has not demonstrated has been waived by any of the persons or entities who are parties to the settlement agreement. Production of those confidential settlement documents cannot be made without express authorization of the persons or entities that are parties thereto, or in the absence of a court order directing production of the documents.

9. **DOCUMENT REQUEST**: Copies of any release or waiver pertaining to the Travelers Litigation in which Bing Charles W. Kearney, Jr. is released of any debts, claims, or obligations.

**RESPONSE**: Objection to request number 9. The Court has previously determined that the settlement agreement and related settlement documents as they pertain to the Travelers Litigation are not discoverable by Valley Bank. Further, the documents requested are not relevant to Valley Bank's

defenses in the case, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the settlement agreement and release documents Valley Bank seeks were entered into by multiple persons and entities other than just Mr. Kearney and Mrs. Kearney. The settlement agreement contains a confidentiality clause which Valley Bank has not demonstrated has been waived by any of the persons or entities who are parties to the settlement agreement. Production of those confidential settlement documents cannot be made without express authorization of the persons or entities that are parties thereto, or in the absence of a court order directing production of the documents.

10. **DOCUMENT REQUEST**: Copies of any release or waiver pertaining to the Travelers Litigation on which Bing Charles W. Kearney, Jr.'s name appears.

**RESPONSE**: Objection to request number 10. The Court has previously determined that the settlement agreement and related settlement documents as they pertain to the Travelers Litigation are not discoverable by Valley Bank. Further, the documents requested are not relevant to Valley Bank's defenses in the case, and are not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the settlement agreement and release documents Valley Bank seeks were entered into by multiple persons and entities other than just Mr. Kearney and Mrs. Kearney. The settlement agreement contains a

11

confidentiality clause which Valley Bank has not demonstrated has been waived by any of the persons or entities who are parties to the settlement agreement. Production of those confidential settlement documents cannot be made without express authorization of the persons or entities that are parties thereto, or in the absence of a court order directing production of the documents.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Response to Defendant, Valley National Bank's Third Request for Production to Plaintiffs has been served, but not filed, on Counsel for the Defendant, Jaime Austrich, Esquire, SHUMAKER, LOOP & KENDRICK, LLP, at jaustrich@shumaker.com on December 21, 2021.

THE LAW OFFICE OF WILLIAM COLLINS, P.A.

*s/E. William Collins*
Edward William Collins
Florida Bar No. 16463
503 E. Jackson Street, # 332
Tampa, Florida 33602
Telephone: (727) 403-0070
bill@williamcollinslaw.com
Attorney for Plaintiffs Bing Charles W. Kearney, Jr. and Tonya Kearney